# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# CLARKSBURG

**THOMAS R. BLANKENSHIP, SR.**,

    Petitioner,

v.

**STATE OF WEST VIRGINIA,
COUNTY OF DODDRIDGE,**

    Respondent.

**Civil No.: 1:15-CV-29
(JUDGE KEELEY)**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On February 24, 2015, the *pro se* Petitioner, Thomas R. Blankenship, Sr., a pretrial detainee presently confined in North Central Regional Jail, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. On February 13, 2012, Petitioner was indicted in the Circuit Court of Doddridge County on multiple counts including sexual assault in the first degree, sexual assault in the second degree, sexual abuse by a parent, incest, displaying or possessing material by a parent depicting a child in sexually explicit conduct, and obscene matter with intent to seduce a minor. ECF No. 1-5 at 22-29. Petitioner was unable to make bond and has been incarcerated since his arrest in early 2011. ECF No. 1-15 at 3. Petitioner has not been adjudged guilty and is currently awaiting trial. Id. Although Petitioner has court appointed counsel[1] in his state case, he has filed over eight (8) pro se motions. This matter is assigned to the

---

[1] Petitioner has had five (5) court appointed attorneys since January of 2012. His fifth attorney, Keith White, has recently filed a Motion to Withdraw as Counsel. Doddridge County Circuit Court, 12-F-5, Doc. No. 146.

1

Honorable Irene M. Keeley, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B).

## II. THE PETITIONER'S CLAIMS FOR RELIEF

The Petition contends as follows:

1. Petitioner was denied reasonable bail.

2. Ms. A. Brooke Fitzgerald, Doddridge County Prosecuting Attorney, induced John D. Snyder, Doddridge County Deputy Sheriff, to commit perjury before the Grand Jury.

3. Ms. A. Brooke Fitzgerald and Deputy John D. Snyder conspired to mislead the Grand Jury about the DNA evidence against Petitioner.

4. Ms. A. Brooke Fitzgerald and Deputy John D. Snyder knew that Skye Falls recanted her original statement claiming sexual abuse seven months prior to the Grand Jury hearing.

5. DNA evidence was manufactured against Petitioner.

6. Judge Timothy L. Sweeney violated Petitioner's right to Due Process, Habeas Corpus, and court access.

7. Petitioner and his counsel have been denied prompt access to the exculpatory evidence in possession of Ms. A. Brooke Fitzgerald.

8. Petitioner did not have a hearing from January 3, 2014 until February 10, 2015, a period of thirteen months.[2]

9. Petitioner's attorney, Keith White, possesses further evidence in Petitioner's case.

10. Petitioner has been denied specific rights for forty-four months because of the actions of certain public officers.

---

[2] Although Petitioner was provided court appointed counsel in his state case, he filed numerous pro se motions including a Petition for Writ of Mandamus in the Circuit Court of Doddridge County and a Petition for Writ of Mandamus in the West Virginia Supreme Court (14-0253). Additionally, Petitioner filed two motions for Circuit Court Judge Sweeney to be recused which were denied by the W.Va. Supreme Court. In fact, his case was stayed for a period of time as a result of Petitioner's filing. The delay in this case appears to have been caused by the Petitioner.

Petitioner has requested this Court to order a show cause hearing before the Circuit Court Judge of Doddridge County. If just cause is not shown as to Petitioner's detention, Petitioner requests this Court dismiss all the charges against him with prejudice and order his immediate release from the North Central Jail. ECF No. 1 at 36.

### III. ANALYSIS

Title 28 U.S.C. § 2241 provides a remedy when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).

This court is unable to grant Petitioner his requested relief under 28 U.S.C. § 2241 for several reasons. First, as a pre-trial detainee, Petitioner's exclusive federal remedy for alleged unconstitutional confinement is to file a petition for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3), as he has done here, but only *after* he fully exhausts his state remedies. Although section 2241 contains no express reference to exhaustion of state remedies, courts have held that exhaustion is necessary prior to filing a section 2241 petition in federal court. See, *e.g.,* Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 490-91 (1973); Moore v. DeYoung, 515 F.2d 437, 442-43 (3d Cir. 1975).

Petitioner asserts that the Circuit Court of Doddridge County denied multiple pretrial motions including motions to dismiss and motions for speedy trial.[3] Additionally, Petitioner unsuccessfully filed petitions for a writ of mandamus in the Circuit Court of Doddridge County and the Supreme Court of Appeals of West Virginia (the "SCAWV).

---

[3] On September 3, 2015, Defendant's Motion to Dismiss the Indictment Due to Failure of the State to Provide Exculpatory Evidence to the Grand Jury After Misstatements were Made to the Grand Jury and Due to the Fact that the State's Witness Committed Intentional Fraud in Order to Obtain Indictment; the Defendant's Motion to Dismiss Under the One Term Rule; and the Defendant' Motion to Dismiss Under the Three Term Rule were denied. Doddridge Circuit Court, 12-F-5, Doc. No. 138.

Although Petitioner may argue that he has presented the speedy trial issue to the State's highest court, a petition for a writ of mandamus is not considered to be a proper form of exhaustion in the habeas corpus context. See Moore v. Kirby, 879 F. Supp. 592, 593 (S.D. W. Va. 1995); McDaniel v. Holland, 631 F. Supp. 1544, 1545 (S.D. W. Va. 1986). Moreover, Petitioner has other remaining avenues in the state court to address these claims – *i.e.*, a motion to dismiss indictment or a motion to suppress evidence, as well as the opportunity to file a direct appeal, and (if necessary) an application for post-conviction relief. See Galloway v. Stephens, 510 F. Supp. 840, 846 (M.D.N.C. 1981) ("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition.")

Furthermore, absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings. See Younger v. Harris, 401 U.S. 37, 44 (1971). Under the Younger abstention doctrine, interests of comity and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." Hawaii Housing Auth. v. Midkiff, 467 U.S. 229, 237-38 (1984); Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 50-53 (4th Cir. 1989).

The Fourth Circuit has instituted a three-part test for determining when Younger abstention is appropriate: "(1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides adequate opportunity to raise

constitutional challenges." Nivens v. Gilchrist, 444 F.3d 237, 241 (4th Cir. 2006); see Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Nivens v. Gilchrist, 319 F.3d 151, 153 (4th Cir. 2003). The petitioner's case certainly meets these three criteria.

A court should disregard Younger's mandate only where "(1) there is a showing of bad faith or harassment by state officials responsible for the prosecution; (2) the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions; or (3) other extraordinary circumstances exist that present a threat of immediate and irreparable injury." Nivens 444 F.3d at 241 (internal quotations omitted).

To prevail under the bad faith exception, Petitioner must show "a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." Suggs v. Brannon, 804 F.2d 274, 278 (4th Cir. 1986). Petitioner has a heavy burden to overcome the bar of Younger abstention and must set forth "more than mere allegations of bad faith or harassment." Phelps v. Hamilton, 122 F.3d 885, 890 (10th Cir. 1997). Here, Petitioner has not met his burden under the bad faith exception to overcome Younger.

Further, the state law exception is extremely narrow. The Supreme Court has never found a case within this exception, and district courts cases are exceedingly rare. Employers Resource Management Co. v. Shannon, 869 F.Supp. 398 (E.D.V.A. 1994) (citations omitted). None of the charges pending against the Petitioner flagrantly and patently violate express constitutional prohibitions. As such, the state law exception does not apply in Petitioner's case.

Further, under the extraordinary circumstances exception, the Supreme Court in Younger did not attempt to limit what constitutes an extraordinary circumstance commenting that "[o]ther unusual situations calling for federal intervention might also arise, but there is no point in our attempting now to specify what they might be." Colonial First Properties, LLC v. Henrico County Virginia, 166 F.Supp.2d 1070 (E.D.V.A. 2001) (citing Younger, 401 U.S. at 54). However, the Court attempted to define extraordinary circumstances stating, "…[S]uch circumstances must be 'extraordinary' in the sense of creating an extraordinary pressing need for immediate federal equitable relief, not merely in the sense of presenting a highly unusual factual situation." Id. at 1091 (citing Kugler v. Helfant, 421 U.S. 117, 125 (1975)).

The Court is aware that the Petitioner was indicted during the February 2012, term of the Doddridge Circuit Court, and he has yet to be tried.[4] However, aside from the term of indictment, and the July 2012 term of court, in which the State and the Petitioner jointly moved for a continuance, the Petitioner has been the source of delay. He has effectively delayed his own trial for a period of nearly four (4) years through

---

[4] W.Va. Code § 62-3-21 state in relevant part:
> Every person charged by presentment of indictment with a felony or misdemeanor, and remanded to a court of competent jurisdiction for trial, shall be forever discharged from prosecution for the offense, if there be three regular terms of such court, after the presentment is made or the indictment is found against him, without a trial, unless the failure to try him was caused . . . by a continuance granted on the motion of the accused . . ."

With respect to the present petition, "[a]ny term at which a defendant procures a continuance of a trial on his own motion after an indictment is returned, or otherwise prevents a trial from being held, is not counted as one of the three terms in favor of discharge from prosecution under the provision of [W. Va Code] § 62-3-21, as amended." Syl. Pt. 4, State v. Bias, 177 W.Va. 302, 353 S.E.2d 52 (1986); (citing Syl. Pt. 2, State ex rel. Spadafore v. Fox, 155 W.Va. 674, 186 S.E.2d 833 (19722). In addition, W.Va. Code § 62-3-1, allows a criminal defendant to request that he be tried within one term of his indictment, although the trial court, utilizing its own sound discretion, may continue the case past the one term requirement upon a showing of good cause. See Syl. Pt. 2, State ex rel. Murray v. Sanders, 208 W.Va. 258, 539 S.E.2d 765 (2000).

formal continuances and numerous meritless pro se filings, the need to appoint five different attorneys, and his efforts to have the sitting state court judge recused from the case. Accordingly, the extraordinary circumstances exception does not apply.

Petitioner has failed to meet any of the conditions as set forth in <u>Younger</u> necessary to disregard the abstention doctrine and has failed to exhaust all available state court remedies through which he may present his instant claims. Accordingly, this court is barred from reviewing the section 2241 petition.

### IV. <u>Recommendation</u>

For the foregoing reasons, the undersigned recommends that petitioner's section 2241 petition **[ECF No. 1]** and Motion **[ECF No. 26]** for Writ of Prohibition be **DENIED** and **DISMISSED without prejudice** for failure to exhaust state court remedies.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.** 28 U.S.C. §636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: May 20, 2016.

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE